UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AUSTIN JACOBS**, <br><br> Plaintiff, <br><br> v. <br><br> **RELIANCE STANDARD LIFE INSURANCE COMPANY**, <br><br> Defendant. | Civil Action No. 21-323 (TSC) |

## MEMORANDUM OPINION

Plaintiff Dr. Austin Jacobs sued Reliance Standard Life Insurance Company ("Reliance") under the Employee Retirement Income Security Act of 1974 ("ERISA"), appealing Reliance's denial of long-term disability benefits under his employee welfare benefit plan (the "Reliance Policy"). *See* Compl. ¶ 1, ECF No. 1. The case was referred to Magistrate Judge Michael Harvey for full case management up to and including issuance of a Report and Recommendation on any dispositive motions. The parties filed cross-motions for summary judgment, and Plaintiff simultaneously moved for judgement under Federal Rule of Civil Procedure 52. *See* Defendant's Motion for Summary Judgment, ECF No. 16; Plaintiff's Motion for Judgment or in the Alternative Motion for Summary Judgment, ECF No. 17. On June 6, 2022, Magistrate Judge Harvey issued a Report and Recommendation. *See* Magistrate Judge's Recommended Findings of Fact and Conclusions of Law, ECF No. 22 ("Report").

Before the court is Plaintiff's Objections to Report and Recommendation Pursuant to L.R.C.P. 72.3, ECF No. 23 ("Objections"). Defendant did not object to any aspect of the Report. "The district judge must determine de novo any part of the magistrate judge's disposition that

has been properly objected to. The district judge may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3). Upon consideration of the parties' cross-motions, the Report, Plaintiff's objections, Defendant's response, and the entire record, the court will adopt in full the findings and conclusions of the Report, which the court includes as an Appendix to this Opinion.

## I.   ANALYSIS

Plaintiff's Objections focus on an ambiguous term in the Reliance Policy. But the Report correctly concluded that even if that term is ambiguous and construed in Plaintiff's favor, other unambiguous terms of the Policy still foreclose his benefits claim.

The Report reached two main legal conclusions. First, it determined that the parties' motions should be adjudicated under Federal Rule of Civil Procedure 52. Report at 4–12. That determination was based on the inherent tension between ERISA's *de novo* review of facts and Rule 56's prohibition on factfinding, as well as the benefit of a Rule 52 decision conclusively resolving the dispute. *Id.* at 6–10. Second, it concluded that the Reliance Policy's Pre-Existing Conditions Limitation (the "Limitation") was properly applied to deny Plaintiff's claim for long-term disability benefits. *Id.* at 25–43. The Report explained that (1) the Limitation barred Plaintiff from receiving the benefits he sought because they were causally related to a pre-existing condition for which he received medical care during the three months preceding the effective date of his insurance, *id.* at 31–41, and that (2) Plaintiff was not exempt from the Limitation under another provision that applied if "an employee is an Eligible Person on the Effective Date of this Policy," *id.* at 27–30. The relevant point here is the second one.

Plaintiff "only objects to Judge Harvey's determination of the Effective date of the Policy" and identifies the sole question for this court's review as "if the meaning of the Effective Date is ambiguous, can it be applied to bar coverage for Dr. Jacobs." Objections at 3. Plaintiff

cites caselaw for the proposition that ambiguous terms in an insurance policy should be construed in favor of the insured and in accordance with the reasonable expectations of the insured.  *Id.* at 8 (citing *Wegner v. Standard Insurance Co.*, 129 F.3d 814, 818 (5th Cir. 1997); *Johnson v. American United Life Insurance Co.*, 716 F.3d 813,820 (4th Cir. 2013)).  Therefore, Plaintiff argues, "[w]hat exactly is the effective date of the policy is the crux of [his] case" because if "the effective date is ambiguous . . . that destroys the reasonable expectations of the policyholder"—*i.e.*, that he would have coverage for his disability.  *Id.* at 5–6.

      Plaintiff's objection misses the mark for reasons that the Report explained.  Magistrate Judge Harvey agreed with Plaintiff that the Reliance Policy's Effective Date, defined as "January 1, 2011, as amended through February 1, 2018," was ambiguous: it could mean not only January 1, 2018, but also February 1, 2018 (the date of the last amendment) or possibly even June 4, 2018 (the date the policy was issued).  Report at 27–28; *see id.* at 14.  Thus, the Report applied the interpretive principles Plaintiff's Objections cites, construing the ambiguous term—the Effective Date—in favor in Plaintiff to be as late as February 1, 2018 or June 4, 2018.  *See id.* at 29.

      "But even if the Effective Date of the Reliance Policy were either of the dates suggested by Dr. Jacobs, he still could not [claim exemption from the Limitation]."  *Id.* at 29.  That is because the potential exemption "is only applicable '[i]f an employee is an Eligible Person on the Effective Date of this Policy'" and "[i]t is undisputed that Dr. Jacobs was not an 'Eligible Person' covered by the Reliance policy until, at earliest, July 1, 2018."  *Id.*; *see* Objections at 6 (affirming that Plaintiff became eligible on July 1, 2018).  So, even within the Effective Date definition's ambiguous date range (from January 1, 2011 through June 4, 2018), Plaintiff was never an Eligible Person, and therefore never qualified for potential exemption from the Reliance

Policy's Pre-Existing Conditions Limitation. Report at 29–30. As a result, the Limitation barred his claim for benefits. *Id.* at 30.

## II.     CONCLUSION

For these reasons, the court will GRANT Defendant's Motion for Summary Judgment, ECF No. 16, DENY Plaintiff's Motion for Judgment or in the Alternative Motion for Summary Judgment, ECF No. 17, ENTER JUDGMENT for Defendant, and DISMISS this action.

Date: March 30, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge